**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE SANCHEZ, | No. 10-15985 |
| Plaintiff - Appellant, | D.C. No. 4:08-CV-00028-JMR |
| v. | |
| R. B. KIMMINS; E. K. THOMPSON; C. A. ROGERS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

George Sanchez appeals the grant of summary judgment to officers R.B.

Kimmins and E.K. Thompson on Sanchez's claim that the officers used excessive

force in violation of the Fourth Amendment when they tased him three consecutive

times before arresting him for allegedly assaulting his wife. Kimmins and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Thompson tased Sanchez as he: (1) ran back toward his house with the deputies in pursuit; (2) attempted to shut the door on the deputies after he had successfully entered the house; and (3) lay motionless on the floor after the second tase and failed to respond to the deputies' commands to show his hands.

Sanchez contends that the district court erred in granting Kimmins and Thompson summary judgment on the basis of qualified immunity because each of the tasings: (1) constituted an unreasonable application of force given the circumstances and (2) violated Sanchez's clearly established Fourth Amendment rights of which a reasonable officer would have known.

1. Noi Sanchez's allegation that her husband had assaulted her, which was corroborated by the bruises on her right eye, forehead, and right arm, gave the officers probable cause to arrest Sanchez without a warrant. *See* Ariz. Rev. Stat. § 13-3601(B). In addition to the inherently volatile and dangerous nature of the domestic violence situation, *see Mattos v. Agarano*, 661 F.3d 433, 450 (9th Cir. 2011) (en banc), *petition for cert. filed*, 80 U.S.L.W. 3457 (U.S. Jan. 17, 2012) (No. 11-898), the deputies knew that Sanchez had twelve guns in the house, had threatened an officer with a shotgun over the phone, and had displayed an outburst of anger right before running back toward the house after the officers coaxed him outside.

2

These objective factors permitted Kimmins and Thompson reasonably to conclude that Sanchez posed "an immediate threat to the safety of the officers." *Mattos*, 661 F.3d at 441. As to the first and second tasings, Sanchez was "attempting to evade arrest by flight," *id.*, when the deputies tased him. Had Sanchez successfully entered the house and shut the deputies out, he would have gained access to his weapons and could have inflicted serious injury or death upon the deputies. As to the third tasing, Sanchez failed to comply with commands to show his hands, and the officers reasonably could have believed that Sanchez was harboring a weapon underneath his body. These circumstances justified the "intermediate, significant level of force," *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010), used in each of the tasings.

2. Even if the deputies used excessive force when they tased Sanchez, they did not violate "clearly established law," *Mattos*, 661 F.3d at 446, in doing so any of the three times. The incident occurred on May 14, 2006. As of that date, a reasonable officer would not have known that using a taser to induce compliance from an individual who appeared to pose an immediate threat and who was not under the officer's control violated the Fourth Amendment's prohibition on excessive force. *See id.* at 446-48, 452.

The district court's judgment is **AFFIRMED**.

3